13940

RCA PHOTOPHONE, INC., v. CARROLL

(177 S. E., 23)

*Messrs. Williams & Henry,* for appellant,

*Mr. D. B. Leatherwood,* for respondent,

November 12, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action on a promissory note, in the sum of $2,083.68, given by the respondent Carroll to RCA Photophone, Inc., "for the hire or lease," as appears from the agreed statement of facts, "of talking picture equipment."

The defendant, for a first defense, alleged that he had purchased the property in question, and that the plaintiff had accepted its return in full satisfaction and payment of the note. For a second defense, and, by way of counterclaim, he alleged that the RCA Photophone had warranted the equipment to be of good workmanship, material, and quality, but that it was defective and unfit for the purposes for which it was bought, and that he was thereby damaged in the sum of $5,000.00, for which he asked judgment.

The case was tried in the Court of Common Pleas for Greenville County and resulted in a verdict on the counterclaim for $1,500.00, of which the defendant, in compliance with the Court's order, remitted $500.00 on the record in lieu of a new trial. From judgment entered in favor of Carroll for $1,000.00, the plaintiff excepts and brings error.

It is argued, as to defendant's first defense, that Judge Ramage committed error in refusing to grant plaintiff's motion for a directed verdict, made on the ground that, although Carroll claimed the property was returned to RCA Photophone and accepted by it in payment of the note, "it appears conclusively from the evidence that there was no consideration for any such agreement and hence, if made, the agreement would not be binding upon the plaintiff."

We think, from an examination of the record, that this contention is without merit. While the contract between the parties, in the sale or lease of the equipment, provided that Carroll, in certain circumstances named, should surrender the property to the plaintiff upon its demand, the trial Judge, under the evidence, correctly left to the jury the question of the consideration for the agreement to cancel the note. There was testimony to the effect that Carroll and the agent of plaintiff agreed that the former should store the equipment for the convenience of RCA Photophone until called for by it, and that, if the defendant would, when demand should be made, turn over the property to plaintiff, his note

would be marked "paid" by the latter and returned to him. The defendant testified that he had notified plaintiff several times, during his attempt operation of the equipment, that it was defective and could not be successfully worked. From this testimony and other circumstances appearing, it was reasonably inferable that the agreement to cancel the debt upon the return of the property was entered into by plaintiff to satisfy the defendant for any loss which he may have suffered by reason of the alleged defects. If so, this clearly constituted a consideration going to the company for the satisfaction and cancellation of the note by it, and it appears that the jury so concluded.

The contention of the appellant, however, that its motion for a directed verdict in its favor as to respondent's counterclaim should have been granted, is not without merit. We have read with care the contract between the parties for the sale or lease of the equipment by RCA Photophone to Carroll, a voluminous document, which provides that the plaintiff should not be responsible for, and was released from, any and all liability or claim of liability, "for or on account of the loss of box-office receipts and any other loss, costs," etc., "arising out of or in connection with any failure, interruption or stoppage, or any continuation thereof, in the operation of the equipment, the theater or any property or equipment therein, howsoever caused." We think, and so hold, that the defendant, under the testimony as to his alleged loss, was not legally entitled to recover on his counterclaim.

Complaint is made that the Court committed error in charging the law with respect to implied warranties governing the sale and purchase of the property, as "the recovery sought was for the breach of an alleged express warranty." It is true that Judge Ramage stated in his general charge that a sound price warranted a sound article, but he immediately thereafter, at plaintiff's request, instructed the jury that no warranties under the contract be-

tween the parties could be implied, and that plaintiff would not be liable on any account for consequential damages. When the charge is considered as a whole, it is seen that the error, if any, was harmless.

Nor do we think that the Court was wrong in permitting the defendant to testify that he had purchased the equipment from the plaintiff. This testimony was in response to certain pertinent allegations of the answer, and was admitted to show that, while the contract on its face appeared to be a lease, it was in fact intended by the parties to be a chattel mortgage. Furthermore, the jury was told, under the Court's construction of the paper, that the contract was a lease of the property, and that the defendant was bound by its terms.

The several additional questions raised by the appeal are found, upon consideration, to be without merit.

All of appellant's exceptions are overruled except the one imputing error to the Court in refusing to direct a verdict in its favor as to defendant's counterclaim. That exception is sustained, and the judgment of the Court below to that extent is reversed and the case remanded, with instructions that a verdict for plaintiff be entered as to the counterclaim under Rule 27 of this Court.

MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON concur.